UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BENCH BILLBOARD COMPANY, INC.                                                           PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:12-CV-699

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The dispute in this action centers around the amendment by Louisville-Jefferson County Metro Government ("Metro") of two street furniture ordinances, Louisville Metro Code of Ordinances ("LMCO") Sections 97.070 and 97.076. Plaintiff Bench Billboard Company, Inc. ("BBC") has raised a host of federal and state claims concerning the validity of the amended ordinances and the application of the amended ordinances to BBC's business. Currently pending before the court is a motion filed by Metro for the court to abstain from exercising jurisdiction and/or to dismiss the state claims pursuant to Rule 12(b)(6) (DN 7). For the reasons stated herein, the motion will be granted to the extent of holding this action in abeyance pending the outcome of ongoing state proceedings.

**I.**

According to the allegations in the complaint, BBC has been engaged in the business of outdoor advertising via benches featuring advertising signs since 1965. In the Louisville Metro area, BBC's benches are typically located at bus stops, on both public and private property, including in public right of ways. The advertisements are located on the back rests of the benches.

According to BBC, in 2011 Metro began confiscating, without notice to BBC, BBC benches from bus stops in Louisville under the authority of the LMCO. BBC alleges that at least 30 of its benches were confiscated.

Then, in 2012, Metro amended Sections 97.070 and 97.076 in such a way as to require permits for private parties to place benches in public rights of way. Further, the amendments required the benches to be "monochromatic in appearance" and have a "slatted, see-through back or no back." BBC alleges that those requirements would preclude the placement of advertising on benches. BBC states that any attempt it made to obtain a permit to place its advertising benches in public rights of way would be futile. In its motion to dismiss, Metro agrees that the requirements would exclude the current design of BBC's benches, although Metro disagrees that the ordinances would preclude any type of advertising at all on benches.

According to the complaint, in June of 2012 Metro began issuing obstruction citations to BBC and then impounding BBC's benches; ultimately, BBC received approximately 88 citations. Each citation carried a fine of $500 per bench, and Metro would not release the benches to BBC without payment of the fine and an impoundment fee.

BBC challenged the citations before the Louisville Metro Code Enforcement Board. BBC attempted to raise constitutional challenges to the amended ordinances, but the Code Enforcement Board refused to hear BBC's constitutional claims. The Code Enforcement Board found that the benches did not comply with the revised ordinances and upheld the citations. BBC appealed the Code Enforcement Board's determination to the Jefferson District Court.

BBC also filed the complaint in this action, raising claims under the federal and state constitutions and state statutory and common law. In its complaint, BBC seeks an injunction,

declaratory judgments, and compensatory and punitive damages. Metro now seeks to have this court abstain from hearing BBC's claims based on the abstention doctrine expressed in *Younger v. Harris*, 401 U.S. 37 (1971). In addition or in the alternative, Metro asks that BBC's state law claims be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.

"*Younger v. Harris* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)).

There is little doubt that the first prong is met here. At the time BBC filed its complaint in this court, there was a pending action in the Jefferson District Court concerning the application of Metro's ordinances to BBC's benches, which clearly constitutes a state judicial proceeding.[1]

---

[1] Relying on *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003), BBC suggests that there is no ongoing state judicial proceeding because, according to BBC, the Jefferson District Court action concerns different issues from this action. However, that argument is better directed to the third prong of the analysis – whether the ongoing state proceedings offer an adequate opportunity to raise constitutional challenges – rather than the first prong. Indeed, the Sixth Circuit explicitly stated in *Habich* that it was addressing the third prong when it found that the fact that the state proceeding in that case was collateral to the federal proceeding made *Younger* abstention inappropriate. 331 F.3d at 530 ("The key question here is whether the state proceeding would afford Mrs. Habich an adequate opportunity to raise her constitutional claims."). Accordingly, the court will address BBC's argument concerning the differences between the Jefferson District Court action and this action when it considers the third prong.

Next, the court finds that the state proceedings implicate important state interests. In the inquiry into the importance of a state's interests in its proceedings, a court does "not look narrowly to interest in the *outcome* of the particular case," but instead looks to "the importance of the generic proceedings to the state." *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989). Thus, the interests of the state in the particular action brought by Metro against BBC are not the focus here, but the focus instead rests upon the interests of the state and Metro in regulating objects and structures, including street furniture, on public rights of way.

As set forth in the preamble to the amendment to the ordinances, Metro amended the ordinances because "the obstruction of public-right-of-ways by objects, structures, street furniture, and other type installations, presents risks of harm to pedestrians and other users of these public locations." Minimizing harm to users of public rights of way is clearly an important interest. *Cf. Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (finding that civil enforcement action brought by city to enforce local housing ordinance requiring rooming houses to have separate bathrooms in each dwelling unit implicated important state interest); *Lighthouse Cmty. Church of God v. City of Southfield*, 382 F. Supp. 2d 937, 940 (E.D.Mich. 2005) (zoning and land use issues implicate important state interests, as do ordinances concerned with the safety and welfare of citizens).[2]

We turn to the third requirement, whether BBC has an adequate opportunity to raise a constitutional claim in the state proceedings. As an initial matter, BBC makes an argument that it only asked the Jefferson District Court to review the determination of the Code Enforcement Board

---

[2] The preamble to the amendment also provides another reason for the amendments: to "promot[e] and ensur[e] an aesthetically pleasing and uniform streetscape for the benefit of the city and its inhabitants."

that BBC's benches violate the language of the ordinances as written; BBC states that it did not ask the Jefferson District Court to address the constitutional validity of the ordinances themselves. However, Metro has provided a copy of the complaint filed by BBC in the Jefferson District Court that shows that BBC did in fact seek review of the constitutional validity of the ordinances. Specifically, in paragraph 17 of the complaint, BBC asserted that the Code Enforcement Board's ruling was "fatally flawed" for the reasons set forth in an attached position statement. The attached position statement identified 10 objections to Metro's citation and confiscation of benches, including, *inter alia*, that the ordinances "authorized unconstitutional takings without due process of law," "unconstitutionally abridge free speech without sufficient justification," and "unconstitutionally target the speech and commercial rights of some, while affording substantially better treatment to similarly situated others."

Moreover, the question is not whether BBC actually asserted claims in the Jefferson District Court related to the constitutional validity of the ordinances, but whether BBC has an adequate opportunity to assert such claims in the state proceedings. In the words of the Sixth Circuit, "When a person is the target of an ongoing state action involving important state interests, the state defendant cannot interfere with the pending state action by maintaining a parallel federal action involving claims that *could have* been raised in the state case." *Carroll*, 139 F.3d at 1074 (emphasis added).

As to the question of whether BBC's constitutional claims may be raised in the state proceedings, the parties disagree. Metro urges that BBC may advance its constitutional arguments before the Jefferson District Court. BBC argues that, inasmuch as the Jefferson District Court action is a review of the Code Enforcement Board's decision and the Code Enforcement Board could not

hear the constitutional arguments, the Jefferson District Court is without jurisdiction to consider those arguments.

In *Louisville Metro Health Dep't v. Highview Manor Ass'n, LLC*, 319 S.W.3d 380 (2010), the Kentucky Supreme Court addressed the scope of review by the Jefferson District Court of Code Enforcement Board decisions. In that case, the Kentucky Supreme Court held that a Kentucky statute that purported to limit review by the state district courts of Code Enforcement Board decisions to the record that was before the Code Enforcement Board was unconstitutional because the Kentucky Constitution provides that the state district courts only have original jurisdiction over actions. *Highview Manor*, 319 S.W.3d at 382-383. Thus, the Kentucky Supreme Court held, an appeal of a Code Enforcement Board decision to a state district court would be an original action in the district court, in which a district court could conduct a *de novo* trial that "would allow the court to supplement the record and hear arguments before ruling." *Id.* at 384.

To be sure, in *Highview Manor*, the Kentucky Supreme Court did not address the precise question here: could a state district court hear constitutional arguments in the appeal of a Code Enforcement Board decision even if the Code Enforcement Board could not consider those arguments. But the decision in *Highview Manor* strongly suggests that, if faced with that issue, the Kentucky Supreme Court would find that the state district court could hear such constitutional arguments. After all, *Highview Manor* emphasizes that the district court proceeding is an original action and that new evidence not presented to the Code Enforcement Board may be presented at the state district court, seemingly without any sort of limitation. This court is hard-pressed to see why the state district court, having original jurisdiction over an action and able to conduct a completely *de novo* trial, would not be equally empowered to consider new constitutional arguments as well.

BBC also suggests that Metro has attempted to prevent the Jefferson District Court from hearing any constitutional arguments by filing a motion to dismiss that action. The record flatly contradicts BBC's argument as to this point. To be sure, Metro filed a motion to dismiss in the Jefferson District Court. But the motion to dismiss had nothing to do with whether the Jefferson District Court could hear BBC's constitutional arguments. Instead, the motion to dismiss argued that BBC had failed to name an indispensable party to the Jefferson District Court action, namely the Code Enforcement Board.[3] Indeed, the Jefferson District Court resolved the motion to dismiss by allowing BBC to amend its complaint to name the Code Enforcement Board as a defendant. Metro never argued, and the Jefferson District Court never held, that the Jefferson District Court could not hear BBC's constitutional arguments.

Finally, the court rejects BBC's attempt to analogize this action to the federal action in *Habich* because *Habich* is clearly distinguishable. In *Habich*, the Sixth Circuit found that ongoing state proceedings did not warrant *Younger* abstention because the federal proceedings raising constitutional issues were "collateral" to the state proceedings. 331 F.3d at 531. In that case, the state proceedings, which were before a state administrative body, involved a question of whether the City of Dearborn could inspect the house of the plaintiff, Barbara Habich, for a certificate of occupancy. *Id.* at 528. Meanwhile, the federal proceedings in *Habich* concerned two very different issues. First, Habich claimed in the federal action that the City had violated her equal protection rights by refusing to sell her a piece of property in the same manner it sold property to her neighbors, and second, she claimed that the City had violated her due process rights by padlocking her home without providing her a hearing. *Id.* at 527. Thus, in *Habich*, the federal constitutional claims concerned facts that were

---

[3] The Jefferson District Court resolved the motion to dismiss by allowing BBC to amend its complaint to name the Code Enforcement Board as a defendant.

irrelevant to the question before the state administrative body. *Id.* at 531. In other words, "the issues in Habich's federal suit could neither be proven as part of the state case-in-chief nor raised as an affirmative defense" in the state proceedings. *Id.* at 531. In contrast, in this case the Jefferson District Court action concerns the very same set of facts that underlie BBC's constitutional claims in this court. If BBC is correct about its constitutional claims in this court, those claims would constitute a successful defense to Metro's enforcement action that is at issue in the Jefferson District Court action. Simply put, BBC's constitutional claims are relevant to the Jefferson District Court action and BBC has the opportunity, which it has actually taken advantage of, to raise those claims in that action.

Having found that the requirements for *Younger* abstention are met, the court believes the most appropriate course of action is to hold this case in abeyance pending the outcome of the state court proceedings rather than dismissing the action. BBC has asserted damages claims in this court stemming from Metro's alleged violation of its rights. The Supreme Court has stated that a federal district court "has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). And, in *Carroll*, the Sixth Circuit reversed a federal district court's dismissal of a suit pursuant to *Younger* and ordered the district court to stay the suit pending the resolution of the state proceedings instead. *Carroll*, 139 F.3d at 1075-1076. The Sixth Circuit explained that a stay would "protect against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claims in state courts." *Id.* Because BBC has pending damages claims in this action, the court will stay this action until the resolution of the state proceedings.

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Louisville-Jefferson County Metro Government, to abstain (DN 10) is **GRANTED** and this action is **HELD IN ABEYANCE** pending the resolution of the Jefferson District Court action and any appeal that may be taken therefrom.

**IT IS SO ORDERED.**